Opinion filed March 8,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00088-CV

                                                    __________

 

                             BERNARDINO
MARTINEZ, Appellant

 

                                                             V.

 

                     CORONADO
NURSING CENTER, LP, Appellee



 

                                            On Appeal
from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 47146-A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Bernardino
Martinez appeals from an order dismissing his claims against Coronado Nursing
Center, LP for failing to serve expert reports.  Martinez filed this suit after
his father died while in the care of Coronado, allegedly as a result of being
left unsupervised. Martinez asserted claims for wrongful death and survival.  After
Martinez failed to serve an expert report, Coronado filed a motion to dismiss
with prejudice pursuant to Tex. Civ.
Prac. & Rem. Code Ann. § 74.351 (West 2011).  The trial court
granted Coronado’s motion to dismiss and also ordered Martinez’s counsel to pay
$11,886.50 in attorney’s fees to Coronado’s counsel.  We affirm. 

            In a
single issue on appeal, Martinez argues that Section 74.351 is not applicable
to this case because his claims are not health care liability claims. Martinez’s
claims stem from allegations that his father, a man of limited mental and
physical capacities, choked to death as a result of Coronado negligently allowing
him to access food and feed himself without supervision even though Coronado
had been advised that Martinez’s father needed supervision and could not feed
himself.  Martinez urges that the claims against Coronado do not involve the
rendition of medical services but, rather, the failure to supervise and provide
nonmedical supervision and care.

            We
disagree with Martinez’s contention that his claims are not health care
liability claims.  To determine whether a claim is a health care liability
claim, we must consider the underlying nature of the claim, which cannot be
altered by artful pleadings.  Omaha Healthcare Ctr., LLC v. Johnson, 344
S.W.3d 392, 394 (Tex. 2011).  “Health care liability claim” is defined by
statute as a cause of action against a health care provider or physician for
treatment, lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety or professional or
administrative services directly related to health care, which
proximately results in injury to or death of a claimant, whether the claimant’s
claim or cause of action sounds in tort or contract.  Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (West Supp.
2011).  “Health care” is defined as any act or treatment performed or
furnished, or that should have been performed or furnished, by any health care
provider for, to, or on behalf of a patient during the patient’s medical care,
treatment, or confinement.  Id. § 74.001(a)(10).  

            The
Texas Supreme Court has held that similar claims filed against nursing
homes constituted health care liability claims.  See Omaha, 344 S.W.3d
392; Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842 (Tex.
2005).  In Omaha, the plaintiff urged that her claims were matters of
ordinary negligence and were not health care liability claims because her
sister, a resident of the defendant nursing home, died from a spider bite.  344
S.W.3d at 393.  Believing that her claims did not fall under the statutory
definition of a health care liability claim, the plaintiff did not serve an
expert report.  The supreme court held that the plaintiff’s claims fell within
the statutory definition of a health care liability claim and ordered that the
plaintiff’s claims be dismissed.  Id. at 395–96.  In Diversicare,
a nursing home resident, Rubio, sued the nursing home after she was sexually
assaulted by another resident.  185 S.W.3d at 845.  Rubio alleged that the
nursing home was negligent for failing to provide adequate supervision and
nursing services and for failing to adequately supervise and monitor the
resident to protect her from the offending resident.  Id.  The supreme
court held that the claims against the nursing home were claims for breaches of
the standard of care for a health care provider and were, thus, health care
liability claims because the supervision of Rubio and the patient who assaulted
her and the protection of Rubio were inseparable from the health care and
nursing services provided to her.  Id. at 849.  

            The
supervision, monitoring, and protection of patients at a nursing home are health
care services.  Id. at 850, 855.  Because Martinez’s claims stem from
Coronado’s failure to properly supervise Martinez’s father so that he did not
injure himself, the claims involve health care services.  We hold that Martinez’s
claims are health care liability claims.  Thus, the trial court did not err in
dismissing Martinez’s claims pursuant to Section 74.351.  Martinez’s sole issue
is overruled.  

            Coronado
has filed in this court, pursuant to Tex.
R. App. P. 45, a motion for sanctions against Martinez for filing a
frivolous appeal.  Although we are of the opinion that Martinez’s appeal lacks
merit, we do not believe that the appeal is frivolous.  See Methodist Hosp.
v. Shepherd-Sherman, 296 S.W.3d 193, 200 (Tex. App.—Houston [14th Dist.]
2009, no pet.).  Accordingly, Coronado’s motion for sanctions is overruled.  

The
order of the trial court is affirmed.  

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

March 8, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.